UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CROWN PARK CORPORATION**

        Plaintiff,

vs.

**DOMINICAN SISTERS OF MARY MOTHER OF THE EUCHARIST, AN ORDER OF THE ROMAN CATHOLIC CHURCH**

        Defendant.
_____/

Case No. 06-10621

HONORABLE ARTHUR J. TARNOW
MAGISTRATE JUDGE STEVEN D. PEPE

## ORDER RE PRESERVATION OF EVIDENCE

This matter is before the Court pursuant to Plaintiff's breach of contract complaint. On February 10, 2006, Plaintiff filed its Ex Parte Motion For An Order To Preserve Electronic and Work Product Discovery (Dkt. #2) which was referred to the undersigned for hearing and determination pursuant to 28 U.S.C. §636(b)(1)(A) on March 30, 2006. For the reasons stated below, Plaintiff's motion is GRANTED IN PART.

Parties in litigation are protected from the type of discovery abuses anticipated by Plaintiff's proposed order by an opposing party's duty to preserve evidence and the panoply of sanctions for spoliation.[1]

---

[1] Our circuit has held that "[t]he rules that apply to the spoiling of evidence and the range of appropriate sanctions are defined by state law." *Id.*
Under Michigan Law, "[a] trial court has the authority, derived from its inherent powers, to sanction a party for failing to preserve evidence that it knows or should know is relevant before litigation is commenced. *Masb-Seg Prop./Cas Pool, Inc. v. Metalux,* 231 Mich. App. 393, 400, 586 N.W.2d 549 (1998). A sanction may be

> A party has a duty to preserve evidence where it is reasonable foreseeable that it is material to a potential legal action and properly discoverable. Spoliation of evidence occurs when a party intentionally alters or destroys relevant evidence before an opposing party has an opportunity to examine it. If a threshold showing of spoliation is made, the burden shifts to the proponent of the evidence to prove that the opponent was not prejudiced by the alteration or destruction. The test for prejudice is whether there is a reasonable possibility, based upon concrete evidence, that access to the destroyed or altered evidence, which is not otherwise obtainable, would produce evidence favorable to the objecting party. *Nationwide Mutual Fire Insurance Company v. Ford Motor Company,* 174 F.3d 801, 804 (6th Cir.1999).

*DaimlerChrysler Motors*, *supra*, 2005 WL 3502172 at *1.

Therefore, detailed ex-parte orders are not required each time a case is filed. Indeed, it would burden the courts unnecessarily, given the protections already in place, to be responsible for perusing or drafting and enforcing an ex-parte order that is specific to the parties at issue each time a new matter was filed.

Therefore, while Plaintiff's motion for a specific order requiring preservation of electronic documents and material is denied, the parties are ordered to meet and confer to establish a stipulated electronic document preservation plan as follows:

    A.    On or before April 28, 2006, the parties shall engage in meet and confer discussions regarding the production of electronic documents in this case. The meet and confer discussions will be attended by an electronic document consultant retained by Defendant who will have sufficient

---

appropriate "regardless of whether the evidence is lost as the result of a deliberate act or simple negligence, [as] the other party is unfairly prejudiced...." *Brenner v. Colk,* 226 Mich. App. 149, 161, 573 N.W.2d 65 (1997).
*DaimlerChrysler Motors v. Bill Davis Racing, Inc.*, 2005 WL 3502172, *1 (E.D.Mich. 2005).
    Spoliation is subject to sanctions including, "a) an order allowing [opposing party] to present evidence of the [party's] failure to preserve electronic data; b) an instruction to the jury that it may presume, based upon the spoliation, that the evidence destroyed would have been favorable to plaintiff; and c) an order permitting counsel for [opposing party] to argue in favor of the negative inference." *DaimlerChrysler Motors*, *supra*, 2005 WL 3502172 at *3.

knowledge of Defendant's electronic documents to enable Defendant to participate in a good faith effort to resolve all issues regarding the production of electronic documents without court action. The meet and confer discussions also will be attended by an electronic document consultant retained by the Plaintiff who will have sufficient knowledge of the Plaintiff's electronic documents to enable the Plaintiff to participate in a good faith effort to resolve all issues regarding the production of electronic documents without court action.

      B.    Except as set forth in the next sentence, any electronic document consultant who personally attends any meet and confer regarding the production of electronic documents in this case shall not be subject to discovery requests, including requests for depositions, until such time as the parties otherwise agree or this Court orders that such discovery may be taken. If any such electronic document consultant provides testimony on an issue or issues in this case, whether by affidavit, declaration, deposition, or otherwise, he or she may be subject to discovery requests, including requests for depositions, limited to the issue or issues that are the subject of his or her testimony.

      C.    If after conferring to develop a preservation plan, counsel do not reach an agreement on the material aspects of preservation, the parties are to submit to the undersigned within three days of the conference a statement of unresolved issues together with each party's proposal for their resolution of the issues. The undersigned will consider the statements in framing an order regarding the preservation of documents, data and tangible things.

      SO ORDERED.

Dated: April 14, 2006                                     s/Steven D. Pepe
Ann Arbor, Michigan                              United States Magistrate Judge

<u>Certificate of Service</u>

    I hereby certify that a copy of this order was served upon David Christensen electronically and Frank T. Czajka by U. S. Mail on April 14, 2006.

s/William J. Barkholz  
Courtroom Deputy Clerk
